# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10555

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ELMER SPENCER,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-173

Before JOLLY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Elmer Spencer was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He appeals the district court's denial of his motion to suppress the firearm. We AFFIRM.

## I.

Dallas Police Department Officer Quinn Huntley ("Officer Huntley") was working off-duty at a shopping mall in Dallas when he heard gunshots. Immediately thereafter, Officer Huntley saw Spencer running in his direction

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10555

away from the area where he had heard the gunshots. Officer Huntley observed a silver object in Spencer's hand, which he thought could have been a weapon. Officer Huntley surmised that Spencer may have fired the gunshots, and, after exiting his patrol car, drew his firearm and ordered Spencer to lie on the ground. Spencer initially indicated that he did not have any weapons on him; but, after being told by Officer Huntley that he was going to perform a patdown, Spencer admitted to having a gun in his jacket pocket. Officer Huntley recovered the firearm from Spencer's jacket and concluded that it had recently been fired because it was warm and missing ammunition. Officer Huntley handcuffed and arrested Spencer.

After his indictment for one count of being a felon in possession of a firearm, Spencer moved to suppress the firearm, arguing that it was obtained pursuant to an illegal search. The district court held a suppression hearing during which Officer Huntley testified to the facts described above. The district court denied the motion, finding Officer Huntley's testimony credible and observing that Spencer's running from an area where gunshots had been fired with a silver object in his hand, which the court noted could have been a gun, was sufficient to provide the necessary reasonable suspicion to conduct a *Terry* stop. Spencer was convicted and now appeals the denial of his motion to suppress.

## II.

### A. Standard of Review

When evaluating a denial of a motion to suppress, we review a district court's conclusions of law *de novo* and its findings of fact for clear error. *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005). We view the evidence in the light most favorable to the prevailing party, which in this case is the Government. *See id.* When, as here, the district court denied a motion to suppress after observing live testimony, "the clearly erroneous standard is

particularly strong because the judge had the opportunity to observe the demeanor of the witnesses." *See id.*

B.  Arrest or *Terry* Stop?

Spencer argues that his detention was an arrest requiring probable cause because Officer Huntley drew his gun and ordered him to the ground. An officer may briefly detain and investigate a suspect (i.e., perform a *Terry* stop) when he has a "reasonable suspicion, based on specific and articulable facts and rational inferences, that justifies the intrusion." *United States v. Abdo*, 733 F.3d 562, 565 (5th Cir. 2013) (citing *Terry v. Ohio*, 392 U.S. 1, 21 (1968)), *cert. denied*, 134 S. Ct. 1760 (2014).  The determination of whether a detention is an arrest or merely a *Terry* stop turns on "the reasonableness of the intrusion under all the facts." *United States v. Martinez*, 808 F.2d 1050, 1053 (5th Cir. 1987) (internal quotation marks omitted).

In the circumstances as found by the district court, Officer Huntley's decision to draw his weapon and order Spencer to the ground did not elevate the stop to an arrest.  It is well settled that "using some force on a suspect, pointing a weapon at a suspect, ordering a suspect to lie on the ground, and handcuffing a suspect—whether singly or in combination—do not automatically convert an investigatory detention into an arrest requiring probable cause." *United States v. Sanders*, 994 F.2d 200, 206 (5th Cir. 1993); *see also Abdo*, 733 F.3d at 565–66 (holding that a detention was only a *Terry* stop when the suspect was detained at gunpoint, handcuffed, and placed in a police car).  Upon hearing gunshots and seeing Spencer run in his direction with a silver object in his hand, which the district court observed could have been a weapon, Officer Huntley took reasonable steps to protect himself during the detention.  Through his actions, Officer Huntley was able to quickly confirm his suspicions (that Spencer was armed).  *See Sanders*, 994 F.2d at 204; *see also United States v. Sharpe*, 470 U.S. 675, 686 (1985) ("A court making

this assessment should take care to consider whether the police are acting in a swiftly developing situation, and in such cases the court should not indulge in unrealistic second-guessing.").

Based on the facts found by the district court, we conclude that Officer Huntley's relatively brief detention and patdown of Spencer was merely a *Terry* stop and not a "full-blown arrest" as Spencer suggests.[1]  *See United States v. Scroggins*, 599 F.3d 433, 441 (5th Cir. 2010) ("In order to ensure their safety during the stop, police may frisk the subject for weapons that they reasonably suspect he may carry."); *United States v. Campbell*, 178 F.3d 345, 349–50 (5th Cir. 1999) (holding that an investigatory detention of a suspect for ten to twenty-five minutes, during which the police officer drew his weapon, ordered the suspect to lie on ground, handcuffed him, and frisked him, did not amount to arrest).  Accordingly, we will analyze the legal arguments through this prism.

C.  Reasonable Suspicion

To perform a *Terry* stop, an officer must have "a reasonable suspicion supported by articulable facts that criminal activity may be afoot."  *United States v. Jaquez*, 421 F.3d 338, 340–41 (5th Cir. 2006) (citation and internal quotation marks omitted).  This reasonable suspicion cannot be established by an officer's "mere hunch or unparticularized suspicion"; instead, there must be specific and articulable facts that show a "minimal level of objective justification for the stop."  *Id.* at 341; *see also United States v. Arvizu*, 534 U.S. 266, 273 (2002) ("[We] must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective

---

[1] Because we conclude that Spencer's detention was a *Terry* stop, we need not address Spencer's argument that the firearm should be suppressed because Officer Huntley lacked probable cause to arrest him.

basis for suspecting legal wrongdoing." (citation and internal quotation marks omitted)).

To address whether Spencer's stop was supported by an objectively reasonable suspicion, we need look no further than our holding in *United States v. Bolden*, 508 F.3d 204 (5th Cir. 2007). In *Bolden*, we held that an objectively reasonable suspicion sufficient to justify stopping several individuals existed when the individuals were traveling in a vehicle approaching an officer from the general direction where the officer testified that he had heard gunshots fired less than a minute earlier. *Id.* at 205. Here, in addition to hearing the gunshots and almost immediately thereafter witnessing Spencer running in his direction from the area where the shots were fired, Officer Huntley, whom the district court found to be credible, testified that he observed Spencer carrying a silver object, which could have been a weapon. Considered as a whole, these circumstances demonstrate that an objectively reasonable officer would have had a suspicion of criminal activity sufficient to justify Spencer's detention.[2]

## III.

Because the facts reasonably found by the district court support the conclusion that Officer Huntley's detention of Spencer was a *Terry* stop supported by a reasonable suspicion, the district court did not err in denying Spencer's motion to suppress. AFFIRMED.

---

[2] Spencer suggests that by not suppressing the firearm, we would be establishing that a reasonable suspicion exists to stop anyone fleeing a crime scene. However, this position ignores that in addition to observing Spencer flee from a potential crime scene, Officer Huntley had just heard gunshots fired and observed Spencer carrying an object that he thought could have been a weapon. Therefore, we need not address whether a reasonable suspicion may have arisen simply from witnessing Spencer flee a potential crime scene, as there were additional circumstances that establish an objectively reasonable suspicion of criminal activity.